## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                          No. CR 11-2002 JB

RAFAEL GOXCON-CHAGAL,
and MARIA VIANEY MEDINA-COPETE,

      Defendants.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the United States' Motion <u>in Limine</u> to Exclude Defendant's Self-Serving Statements as Inadmissible Hearsay, filed July 27, 2012 (Doc. 78)("Motion in Limine"). The Court held a hearing on July 30, 2012. The primary issues are: (i) whether the Defendants may elicit their statements to law enforcement agents from witnesses; and (ii) whether the rule of completeness and/or the principle that a party who presents part of a conversation opens the door to other parts of that conversation would allow the Defendants to present their statements to law enforcement officers. The Court will grant in part and deny in part the Motion in Limine on the basis that there is not a sufficient record of the statements Plaintiff United States of America finds objectionable and how the evidence will play out at trial. The Defendants do not dispute that, as a general matter, they cannot present their statements through other witnesses, because those statements are hearsay. There is not a sufficient record, however, for the Court to assess how the principles underlying the rule of completeness and opening the door will affect the Defendants' ability to present their own statements through witnesses.

## FACTUAL BACKGROUND

"On June 28, 2011, Defendants were arrested and eventually charged with various federal crimes including Possession with Intent to Distribute 500 Grams and More of a Mixture and Substance of Methamphetamine in violation of 18 U.S.C. 841(a)(1) and (b)(1)(A)."  Motion in Limine at 1.  "Throughout their contact with law enforcement officers, Defendants Goxcon-Chagal and Medina-Copete made various statements about the circumstances of their trip . . . ."  Motion in Limine at 1.  The details included "the vehicle they were driving, who the vehicle belonged to, how long they had used the vehicle, where they were going, who they intended to stay with, why they were going there, when they left and various other aspects of their purported 'vacation.'"  Motion in Limine at 1-2.

## PROCEDURAL BACKGROUND

On July 27, 2012, the United States filed its Motion in Limine.  See Doc. 78.  The United States asks "this Court in limine to prohibit Defendant, [sic] either through direct examination or cross-examination, from eliciting testimony or introducing evidence of Defendant's [sic] self-serving, out of court declarations as inadmissible hearsay under Fed.R.Evid. 801(d)(2) and 802."  Motion in Limine at 1.  The United States asserts that, "[t]hroughout their contact with law enforcement officers," the Defendants "made various statements about the circumstances of their trip including details about the vehicle they were driving, who the vehicle belonged to, how long they had used the vehicle, where they were going, who they intended to stay with, why they were going there, when they left," and various other matters.  Motion in Limine at 1-2.  The United States contends that there were inconsistencies between these statements.  See Motion in Limine at 2.  The United States does not provide any specific content of or other context for these statements.  The United States contends that the Defendants' "out of court statements to" police officers "or to any

-2-

other individuals, which are not <u>contrary to their interests</u>, constitute self-serving declarations, and are inadmissible as hearsay pursuant to Fed. R. Evid. 801(d)(2) and 802." Motion in Limine at 3 (emphasis in original). The United States argues that the hearsay statements do not fall within any hearsay exception. <u>See</u> Motion in Limine at 3-4. The Defendants did not file a written response to the Motion in Limine.

At the hearing on July 30, 2012, the Defendants conceded that their statements to law enforcement officers are hearsay and stated that they had no intention of offering those statements unless they fell within the rule of completeness stated in rule 106 of the Federal Rules of Evidence or within the principle that an opposing party can open the door to the contents of an oral conversation. <u>See</u> Transcript of Hearing at 39:24-41:22 (taken July 30, 2012)(Gandert)("Tr.").[1] The Defendants emphasized that these rules address the principle that taking statements in a given conversation out of context can leave the jury with a misleading impression that the opposing side should have the opportunity to correct. <u>See</u> Tr. at 39:24-41:9 (Gandert). The United States noted that Drug Enforcement Administration ("DEA") agents do not normally record their conversations with suspects. <u>See</u> Tr. at 42:2-6 (Stanford). The United States asserted that the Defendants are free to take the stand and provide their own version of events rather than elicit those statements from other witnesses. <u>See</u> Tr. at 42:23-44:6 (Torrez). The United States related that it intended to address only specific statements the Defendants made rather than go into the contents of all the conversations they had with DEA agents. <u>See</u> Tr. at 42:23-44:6 (Torrez). The United States emphasized that the rule of completeness should not swallow the general prohibition on hearsay statements. <u>See</u> Tr. at 44:7-17 (Torrez). The Court asked what statements the Defendants made that

---

[1]The Court's citations to the transcripts of the hearings refer to the court reporter's original, unedited versions. Any final transcripts may contain slightly different page and/or line numbers.

the United States intended to elicit from its witnesses.  <u>See</u> Tr. at 47:3-7 (Court).  The United States

reported that it intended to elicit some incriminating statements that the Defendants made, but was

not sure at the time of the hearing of the specifics of how its direct examination would proceed.  <u>See</u>

Tr. at 47:8-14 (Torrez).  The Defendants argued that it is problematic that the Court is asking for

relief through the Motion in Limine, but will not provide the Court with the information it needs to

make a proper determination of the motion's merits.  <u>See</u> Tr. at 47:18-48:4 (Riggs).

       The Court related that the state of the record of how the testimony will play out at trial is

rather amorphous such that it is difficult for the Court to give an informed decision.  <u>See</u> Tr. at

49:25-50:7 (Court).  The Court stated that, unless the United States is prepared to provide in detail

the Defendants' statements they plan to elicit through DEA agents, the Court cannot properly rule

and the Defendants cannot adequately respond to the United States' argument.  <u>See</u> Tr. at 51:25-52:8

(Court).  The United States acknowledged that the better course of action would likely be to resolve

this matter in the context of the trial rather than pretrial.  <u>See</u> Tr. at 52:9-17 (Torrez).  The United

States asked, in preparation for the issue arising at trial, that the Court make itself familiar with the

interplay between the rule of completeness and the hearsay rules.  <u>See</u> Tr. at 52:9-17 (Torrez).  In

response to the Court's question which of their statements the United States would likely elicit from

its witnesses, the Defendants related that they are unsure which of their statements the United States

intends to elicit from its witnesses.  <u>See</u> Tr. at 53:9-15 (Gandert).  The Defendants stated that the

best that the parties can do at this time is agree on the general parameters of these evidentiary rules.

<u>See</u> Tr. at 53:16-18 (Court, Gandert).  The Defendants argued that these issues have to be taken in

context depending on the specific statements at issue.  <u>See</u> Tr. at 54:13-14 (Gandert).  The

Defendants emphasized that the United States has not provided them with any information about

the interviews the DEA agents conducted with them such that they have little context in which to

respond to the United States' arguments.  See Tr. at 55:10-56:4 (Riggs).  The United States agreed

with the Court that the Court could not provide the parties with any additional guidance on these

matters pretrial.  See Tr. at 56:5-10 (Court, Torrez).  The United States related that, in preparation

for this issue at trial, the Court should familiarize itself with Williamson v. United States, 512 U.S.

594 (1994),[2] and United States v. Castro-Cabrera, 534 F.Supp.2d 1156 (C.D. Cal. 2008)(Pregerson,

J.).  See Tr. at 57:4-58:5 (Torrez, Court).  The Defendants stated that they do not need to file a

written response to the Motion in Limine in light of the thorough discussion of these matters at the

hearing.  See Tr. at 58:18-59:1 (Court, Gandert).  The Defendants requested that the United States

provide the notes the DEA agents generated from their interviews with the Defendants.  See Tr. at

59:24-25 (Riggs).  The United States represented that it does not have any such notes and that the

Defendants need to provide authority that disclosure of the notes is appropriate.  See Tr. at 60:10-14

(Stanford).  The United States related that it does not normally ask DEA agents to generate notes.

See Tr. at 61:9-14 (Torrez).  The Court asked the United States to determine whether any notes exist.

See Tr. at 62:10-11 (Court).  The Court stated that, to the extent notes exist, it was not inclined to

require their production before the respective agents testify.  See Tr. at 63:20-25 (Court).[3]  Neither

----

[2]The Court has consulted the Williamson v. United States opinion, and notes that it does not
address rule 106 or the principle of opening the door.  The case primarily addresses the hearsay
exception for declarations against interest stated in rule 804(b)(3).  See Williamson v. United States,
512 U.S. at 598-605.  The United States, when discussing this hearsay exception for declarations
against interest, cites Williamson v. United States as authority on this hearsay exception.  See
Motion in Limine at 3.

[3]18 U.S.C. § 3500(a) and (b) provide:

(a)     In any criminal prosecution brought by the United States, no statement or
        report in the possession of the United States which was made by a
        Government witness or prospective Government witness (other than the
        defendant) shall be the subject of subpena, discovery, or inspection until said
        witness has testified on direct examination in the trial of the case.

-5-

party desired further argument on the Motion in Limine pretrial.

On August 2, 2012, the United States filed its Supplemental Memorandum of Points and Authorities Self-Serving Hearsay and the Rule of Completeness.  <u>See</u> Doc. 89.  On August 3, 2012, the Defendants filed their Response to Supplemental Memorandum of Points and Authorities Self-Serving Hearsay and the Rule of Completeness Filed August 2, 2012.  <u>See</u> Doc. 91.

### <u>RELEVANT LAW REGARDING THE RULE OF COMPLETENESS</u>

"Rule 106 sets forth the rule of completeness."  <u>United States v. Christy</u>, No. 10-1534, 2011 WL 5223024, at *3 (D.N.M. Sept. 21, 2011)(Browning, J.).  Rule 106 states: "When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it."  Fed. R. Evid. 106.  <u>Accord</u> <u>Kangley v. United States</u>, 788 F.2d 521, 533 (9th Cir. 1986).  By allowing the other party to present the remainder of the writing or recorded statement immediately rather than later on cross-examination, this rule avoids the situation where a statement taken out of context "creates such prejudice that it is impossible to repair by a subsequent presentation of additional material."  <u>Beech Aircraft Corp. v. Rainey</u>, 488 U.S. 153, 171 n.14 (1988).  <u>Accord</u> <u>United States v. Cruz-Calixto</u>, 39 F.App'x 565, 567 (9th Cir. 2002)(unpublished); <u>United States v. Oseby</u>, 148 F.3d 1016, 1025 (8th Cir. 1998)("The

---

  (b)  After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement (as hereinafter defined) of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified.  If the entire contents of any such statement relate to the subject matter of the testimony of the witness, the court shall order it to be delivered directly to the defendant for his examination and use.

18 U.S.C. § 3500(a)-(b).  <u>Accord</u> <u>United States v. Tarango</u>, 760 F.Supp.2d 1163, 1167-68 (D.N.M. 2009)(Browning, J.)(discussing this statute and related discovery principles).

advisory committee notes to Rule 106 state that one of the considerations for this rule is to avoid 'the misleading impression created by taking matters out of context.'"); United States v. Rubin, 609 F.2d 51, 63 (2d Cir. 1979)("The notes had been used extensively and quoted from copiously by Rubin's counsel on his cross-examination of Cox, possibly leaving a confusing or misleading impression that the portions quoted out of context were typical of the balance."); United States v. Young, No. CR-09-140-B-W, 2010 WL 1461558, at *3 (D. Me. Apr. 9, 2010).  "Rule 106 by its terms does not apply to oral conversations, but only to writings and recorded statements."  United States v. Christy, 2011 WL 5223024, at *3 (citing Fed. R. Evid. 106).  As the United States Court of Appeals for the Tenth Circuit has stated: "The rule of completeness, however, does not necessarily require admission of [an entire statement, writing or recording.]  Rather, only those portions which are 'relevant to an issue in the case' and necessary 'to clarify or explain the portion already received' need to be admitted."  United States v. Lopez-Medina, 596 F.3d 716, 735 (10th Cir. 2010).  The United States Court of Appeals for the Seventh Circuit has applied a four-part test to determine whether to allow evidence under rule 106: "(1) does [the evidence] explain the admitted evidence, (2) does it place the admitted evidence in context, (3) will admitting it avoid misleading the trier of fact, and (4) will admitting it insure a fair and impartial understanding of all of the evidence."  United States v. Velasco, 953 F.2d 1467, 1475 (7th Cir. 1992).  Discussing the rule of completeness, the United District Court for the Central District of California provided guidance on when a related statement should be admitted to rebut a misleading impression:

> The Rule of Completeness "does not compel admission of otherwise inadmissible hearsay evidence."  However, the Rule of Completeness was designed to prevent the Government from offering a "misleadingly-tailored snippet."  The Rule of Completeness warrants admission of statements in their entirety when the Government introduces only a portion of inextricably intertwined statements.
>
> Statements are inextricably intertwined when the meaning of a statement, if

divorced from the context provided by the other statement, is different than the meaning the statement has when read within the context provided by the other statement. Under those circumstances, a court must take care to avoid distortion or misrepresentation of the speaker's meaning, by requiring that the statements be admitted in their entirety and allowing the jury to determine their meaning.

United States v. Castro-Cabrera, 534 F.Supp.2d at 1160 (citation omitted).  Accord United States v. Coughlin, 821 F.Supp.2d 8, 30 (D.D.C. 2011)("Coughlin is correct, however, that regardless of whether this evidence is inadmissible hearsay or not, he can introduce it under the rule of completeness."); United States v. Peeples, No. 01 CR 496, 2003 WL 57030, at *3 (N.D. Ill. Jan. 7, 2003).

A related concept to the rule of completeness is the principle that, "[w]hen a party opens the door to a topic, the admission of rebuttal evidence on that topic becomes permissible."  Tanberg v. Sholtis, 401 F.3d 1151, 1166 (10th Cir. 2005).  "Permissible does not mean mandatory, however; the decision to admit or exclude rebuttal testimony remains within the trial court's sound discretion." Tanberg v. Sholtis, 401 F.3d at 1166.  This principle reflects the general proposition that "[c]ross examination 'may embrace any matter germane to the direct examination, qualifying or destroying, or tending to elucidate, modify, explain, contradict, or rebut testimony given in chief by the witness.'"  United States v. Burch, 153 F.3d 1140, 1144 (10th Cir. 1998).  "[W]hether or not rebuttal evidence is admissible depends on whether the initial proof might affect the case and whether the rebuttal evidence fairly meets the initial proof."  Richie v. Mullin, 417 F.3d 1117, 1138 (10th Cir. 2005)(alteration in original).  The Tenth Circuit has recognized that, when the rebuttal evidence is "otherwise inadmissible," it must both: (i) "be reasonably tailored to the evidence it seeks to refute"; and (ii) "[t]here must be a nexus between the purported rebuttal evidence and the evidence that the purported rebuttal evidence seeks to rebut."  Richie v. Mullin, 417 F.3d at 1138 (quoting United States v. Stitt, 250 F.3d 878, 897 (4th Cir. 2001)).  In a case where a wife was seeking damages for

loss of companionship in the context of an excessive force claim, the Tenth Circuit stated that the wife's claim for damages opened the door to evidence of the deceased husband's prior domestic abuse conviction and arrest.   See Lounds v. Torres, 217 F.App'x 755, 758 (10th Cir. 2007)(unpublished)("[E]vidence of Alford's 2002 conviction and 2003 arrest for domestic abuse of Ms. Fuston-Lounds was offered not to show his character, but for the proper purpose of rebutting Ms. Fuston-Lounds' claim for damages.").

## RELEVANT LAW REGARDING HEARSAY

"Hearsay testimony is generally inadmissible." United States v. Christy, 2011 WL 5223024, at *5 (citing Fed. R. Evid. 802).  Under Federal Rule of Evidence 801(c), "hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."  Fed. R. Evid. 801(c).  The Tenth Circuit has quoted with approval a case from the United States Court of Appeals for the Second Circuit stating, "[g]enerally [hearsay evidence] is not admissible . . . because traditional conditions of admissibility, including that the witness be present at the trial, testify under oath, and be subject to cross-examination, all of which together permit a jury to evaluate the reliability and trustworthiness of a statement, are not present."  United States v. Gary, 999 F.2d 474, 479 (10th Cir. 1993)(quoting United States v. Cardascia, 951 F.2d 474, 486 (2d Cir. 1991)).  Hearsay bars a party from presenting its own statements, such as "a defendant . . . attempt[ing] to introduce an exculpatory statement made at the time of his arrest without subjecting himself to cross-examination." United States v. Cunningham, 194 F.3d 1186, 1199 (11th Cir. 1999).  A statement that is otherwise hearsay, however, may be offered for a permissible purpose other than to prove the truth the matter asserted, including to impeach a witness.  See United States v. Caraway, 534 F.3d 1290, 1299 (10th Cir. 2008)("We have already explained why the content of the statement, if used substantively, would be inadmissible

hearsay.  If admitted for impeachment purposes, however, it is not hearsay.").

## ANALYSIS

The Court will grant in part and deny in part the Motion in Limine on the basis that there is not a sufficient record of the statements the United States finds objectionable and how the evidence will play out at trial.  The Defendants do not dispute that, as a general matter, they cannot present their statements through other witnesses, because those statements are hearsay.  There is not a sufficient record, however, for the Court to assess how the principles underlying the rule of completeness and opening the door will affect the Defendants' ability to present their own statements through other witnesses.

The Defendants have not disputed the general proposition that their statements to law enforcement officers are inadmissible hearsay.  The Court has discussed this issue in the past:

> It appears that Chaco wants to use McCaskill to introduce testimony that Chaco denies the charges.  Chaco thus seeks to use McCaskill to introduce Chaco's out of court statements "to prove the truth of the matter asserted." Fed.R.Evid. 801(c).  This testimony would be hearsay under the Federal Rules of Evidence.  The United States could, pursuant to rule 801(d)(2), introduce Chaco's statements as party opponent admissions.  See Fed.R.Evid. 801(d)(2)("Statements which are not hearsay.  A statement is not hearsay if . . . [t]he statement is offered against a party and is . . . the party's own statement, in either an individual or a representative capacity . . . .").  Chaco, however, may not.

United States v. Chaco, No. 10-3463, 2011 WL 3510748, at *2 (D.N.M. Aug. 6, 2011)(Browning, J.)(alterations in original).  Thus, the United States and the Defendants agree on the general principle that the Defendants' statements to law enforcement officers are inadmissible hearsay.

According to the United States, there are no written or recorded statements from the Defendants from their interviews with DEA agents.  "Rule 106 by its terms does not apply to oral conversations, but only to writings and recorded statements."  United States v. Christy, 2011 WL 5223024, at *3 (citing Fed. R. Evid. 106).  Thus, the rule of completeness stated in rule 106 does

not apply to any oral conversations that took place between the Defendants and DEA officers, if the Defendants seek to elicit the statements from the DEA agents.  To the extent that there are any notes containing statements from the Defendants that DEA agents generated, which the United States represents do not exist, the rule of completeness would likely apply to the statements in those notes. The rule of completeness is rather narrow in scope compared to the concept of opening the door, given that "Rule 106 by its terms does not apply to oral conversations, but only to writings and recorded statements." United States v. Christy, 2011 WL 5223024, at *3 (citing Fed. R. Evid. 106).

"When a party opens the door to a topic, the admission of rebuttal evidence on that topic becomes permissible." Tanberg v. Sholtis, 401 F.3d at 1166.  "Permissible does not mean mandatory, however; the decision to admit or exclude rebuttal testimony remains within the trial court's sound discretion." Tanberg v. Sholtis, 401 F.3d at 1166.  This principle reflects the general proposition that "[c]ross examination 'may embrace any matter germane to the direct examination, qualifying or destroying, or tending to elucidate, modify, explain, contradict, or rebut testimony given in chief by the witness.'" United States v. Burch, 153 F.3d at 1144.  "[W]hether or not rebuttal evidence is admissible depends on whether the initial proof might affect the case and whether the rebuttal evidence fairly meets the initial proof." Richie v. Mullin, 417 F.3d at 1138 (alteration in original).  The Tenth Circuit has recognized that, when the rebuttal evidence is "otherwise inadmissible," it must both: (i) "be reasonably tailored to the evidence it seeks to refute"; and (ii) "[t]here must be a nexus between the purported rebuttal evidence and the evidence that the purported rebuttal evidence seeks to rebut." Richie v. Mullin, 417 F.3d at 1138 (quoting United States v. Stitt, 250 F.3d at 897).  In a case where a wife was seeking damages for loss of companionship in the context of an excessive force claim, the Tenth Circuit stated that the wife's claim for damages opened the door to evidence of  the deceased husband's prior domestic abuse

conviction and arrest.  See Lounds v. Torres, 217 F.App'x at 758 ("[E]vidence of Alford's 2002

conviction and 2003 arrest for domestic abuse of Ms. Fuston-Lounds was offered not to show his

character, but for the proper purpose of rebutting Ms. Fuston-Lounds' claim for damages.").

Discussing the rule of completeness, the United District Court for the Central District of California

provided guidance on when a related statement should be admitted to rebut a misleading impression:

> The Rule of Completeness "does not compel admission of otherwise inadmissible hearsay evidence."  However, the Rule of Completeness was designed to prevent the Government from offering a "misleadingly-tailored snippet."  The Rule of Completeness warrants admission of statements in their entirety when the Government introduces only a portion of inextricably intertwined statements.
>
> Statements are inextricably intertwined when the meaning of a statement, if divorced from the context provided by the other statement, is different than the meaning the statement has when read within the context provided by the other statement. Under those circumstances, a court must take care to avoid distortion or misrepresentation of the speaker's meaning, by requiring that the statements be admitted in their entirety and allowing the jury to determine their meaning.

United States v. Castro-Cabrera, 534 F.Supp.2d at 1160 (citation omitted).

The parties have agreed that there is little more guidance the Court can give without more

context of the statements the United States intends to elicit.  If the United States desires a more

definitive ruling, it must provide the Court more context regarding the evidence it seeks to present.

See United States v. Winslow, 962 F.2d 845, 850 (9th Cir. 1992)("His motion in limine was denied

on the ground that it was premature.").  The United States may raise appropriate objections at trial

when the evidence more fully develops and when the Court can make a more informed ruling.  The

Court cautions the United States, however, that, if it elicits some of the Defendants' statements to

show that the statements are inconsistent, the Court may be obligated to allow the Defendants to

elicit statements from the DEA agents to avoid leaving the jury with a misleading impression.

Furthermore, evidence that is otherwise hearsay may be properly admitted for non-hearsay purposes,

such as impeachment.  See United States v. Caraway, 534 F.3d at 1299 ("We have already explained why the content of the statement, if used substantively, would be inadmissible hearsay.  If admitted for impeachment purposes, however, it is not hearsay.").  It is conceivable that a defendant's statements to a law enforcement agent could be used to impeach that agent.  For instance, the agent may testify that a defendant never told him a given fact, and the defendant could properly cross-examine the agent with the statement relating that fact to the agent to attack the agent's credibility.  The Confrontation Clause also permits a defendant to have significant leeway on cross-examination.  As the Supreme Court of the United States stated in Davis v. Alaska, 415 U.S. 308 (1974): "Subject always to the broad discretion of a trial judge to preclude repetitive and unduly harassing interrogation, the cross-examiner is not only permitted to delve into the witness' story to test the witness' perceptions and memory, but the cross-examiner has traditionally been allowed to impeach, i.e., discredit, the witness."  415 U.S. at 316.  "[C]ross-examination pertinent to the credibility of a witness and for the development of facts that may tend to show bias or prejudice should be given the largest possible scope."  Abeyta v. United States, 368 F.2d 544, 545 (10th Cir. 1996)(internal quotation marks omitted).

    **IT IS ORDERED** that the United States' Motion in Limine to Exclude Defendant's Self-Serving Statements as Inadmissible Hearsay, filed July 27, 2012 (Doc. 78), is granted in part and denied in part.  As a general matter, the Defendants cannot present their statements through other witnesses.  There is not a sufficient record, however, for the Court to assess how the principles regarding opening the door will affect the Defendants' ability to present their own statements through other witnesses.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Kenneth J. Gonzales
  United States Attorney
Jon K. Stanford
Raul Torrez
  Assistant United States Attorneys
Albuquerque, New Mexico

> *Attorneys for the Plaintiff*

Joseph W. Gandert
  Assistant Federal Public Defender
Federal Public Defender's Office
Albuquerque, New Mexico

> *Attorneys for Defendant Rafael Goxcon-Chagal*

Joseph Riggs
Albuquerque, New Mexico

> *Attorney for Defendant Maria Vianey Medina-Copete*