**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                                               No. CR 11-2002 JB

RAFAEL GOXCON-CHAGAL and
MARIA VIANEY MEDINA-COPETE,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Government's Objections to Defendants' Requested Supplemental Jury Instructions (Doc. 79), filed August 3, 2012 (Doc. 93)("Objections"). The primary issues are: (i) whether, for the charged crime under 21 U.S.C. § 841(a)(1), the jury instruction should reflect the amount of drugs charged in the Superseding Indictment, filed May 8, 2012 (Doc. 59); (ii) whether the Court should include additional language in the instruction for an offense under 21 U.S.C. § 846 that varies from the United States Court of Appeals for the Tenth Circuit's pattern jury instruction, see Tenth Circuit Pattern Jury Instructions Criminal § 2.87, at 301-02 (2011); (iii) whether the Court should require that the terms use and carry appear conjunctively or disjunctively when it instructs the jury on the elements of an offense under 18 U.S.C. § 924(c)(1)(A); and (iv) whether the Court should omit disjunctive language from the second element of the pattern instruction for an offense under 8 U.S.C. § 1326(a) and (b), given that Plaintiff United States of America intends to proceed on only one of the multiple theories that the statute permits for that element.  The Court will overrule as moot the objection regarding the additional language in the jury instruction for an offense under 21 U.S.C. § 846 that varies from the

Tenth Circuit's pattern jury instruction in light of the agreement the parties reached on August 8, 2012. The Court will sustain the remaining objections. The jury instruction reciting the elements for an offense under 21 U.S.C. § 841(a)(1) should reflect the amount of drugs charged in the Superseding Indictment, specifically fifty grams and more of methamphetamine rather than 500 grams. The jury instruction reciting the elements for an offense under 18 U.S.C. § 924(c)(1)(A) should track the applicable disjunctive statutory language, even if the Superseding Indictment charges the offense in the conjunctive. Given that the United States desires to proceed only on one of the disjunctive terms in the third element of the pattern jury instruction for an illegal re-entry offense under 8 U.S.C. § 1326(a) and (b), the Court will sustain the United States' objection to the inclusion of the other disjunctive terms.

## PROCEDURAL BACKGROUND

On May 8, 2012, the grand jury issued a Superseding Indictment charging the Defendants with multiple counts. See Superseding Indictment at 1-3. The Superseding Indictment charges Defendant Rafael Goxcon-Chagal with three counts: (i) Count 1 - conspiring, under 21 U.S.C. § 846, to possess with intent to distribute 50 grams and more of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A); (ii) Count 2 - knowingly and intentionally possessing with intent to distribute 50 grams and more of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A); and (iii) Count 3 - knowingly using and carrying a firearm during and in relation to a drug trafficking crime as charged in Count 2 in violation of 18 U.S.C. § 924(c)(1)(A). See Superseding Indictment at 1-2. The Superseding Indictment charges Defendant Maria Vianey Medina-Copete with three counts: (i) Count 1 - conspiring, under 21 U.S.C. § 846, to possess with intent to distribute 50 grams and more of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A); (ii) Count 2 - knowingly and intentionally possessing with intent to distribute 50 grams

and more of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A); (iii) Count 3 - knowingly using and carrying a firearm during and in relation to a drug trafficking crime as charged in Count 2 in violation of 18 U.S.C. § 924(c)(1)(A); (iv) Count 4 - being an alien who was illegally present in the United States who knowingly possessed, in and affecting commerce, a firearm in violation of 18 U.S.C. §§ 922(g)(5) and 924(a)(2); and (v) Count 5 - illegally re-entering the country as an alien in violation of 8 U.S.C. § 1326(a) and (b).  See Superseding Indictment at 1-3.

On July 31, 2012, Goxcon-Chagal filed his Defendant's Requested Supplemental Jury Instructions.  See Doc. 79 ("Proposed Jury Instructions").  The relevant portion of Defendant's Proposed Jury Instruction No. N, which recites the elements for an offense under 21 U.S.C. § 841(a)(1), is as follows: "Fourth: the amount of the controlled substance was at least 500 grams." Proposed Jury Instructions at 4 (emphasis in original).  The relevant portions of Defendant's Proposed Jury Instruction No. O, which recites the elements for an offense under 21 U.S.C. § 846, are as follows:

> In determining whether the defendant was a member of the conspiracy, the jury must consider only his acts and statements.  The defendant cannot be bound by the acts or declarations of other participants until it is established that a conspiracy existed, and that [he] was one of its members.
>
> . . . .
>
> His financial stake, if any, in the venture is a factor that may be considered in determining whether a conspiracy existed and whether the defendant was a member of it.

Proposed Jury Instructions at 7-8 (alteration in original).  The relevant portions of Defendant's Proposed Jury Instruction No. P, which recites the elements for a violation of 18 U.S.C. § 924(c)(1), are as follows:

> This law makes it a crime to use and carry a firearm during and in relation to any drug trafficking crime for which a person may be prosecuted in a court of the United

>States.

>. . . .

>In determining whether the defendant knowingly used carried [sic] a firearm during and in relation to the underlying crime, you may consider all of the facts received in evidence including the nature of the crime, the usefulness of a firearm to the crime, the extent to which a firearm actually was observed before, during and after the time of the crime, and any other facts that bear on the issue.

Proposed Jury Instructions at 9-10. The relevant portion of Defendant's Proposed Jury Instruction No. R, which recites the elements for a violation of 8 U.S.C. § 1326, is as follows: "This law makes it a crime for an alien to be found in the United States after having been [deported] [excluded] [removed] from the United States. . . . <u>Second:</u> the defendant had previously been [excluded] [deported] [removed] from the United States; and . . . ." Proposed Jury Instructions at 11 (alternatives in original)(emphasis in original).

On August 3, 2012, the United States filed its Objections to the Defendant's Proposed Jury Instructions. <u>See</u> Doc. 93. The United States argues that "[t]he amount of the controlled substance in controversy" as stated in Defendant's Proposed Jury Instruction No. N is inaccurate in that the fourth "element indicates that the amount instructed should be 500 grams" when it should state that the amount is "50 grams" to be "in conformity with Count 2 of the Superseding Indictment." Objections at 1. The United States objects to the inclusion of the language in Defendant's Proposed Jury Instruction No. O regarding the consideration of co-defendants' statements and the necessity that a defendant have a financial stake in the conspiracy. <u>See</u> Objections at 1-2. The United States contends that this language misstates the applicable law and imposes additional elements on a conspiracy charge that the United States has no obligation to prove. <u>See</u> Objections at 2. The United States argues that the use of the phrase "to <u>use and carry</u> a firearm during and in relation to a drug trafficking crime" in various portions of Defendant's Proposed Jury Instruction No. P

misstates the applicable law and is inconsistent with the applicable pattern jury instruction on the matter, Tenth Circuit Pattern Jury Instructions Criminal No. 2.45, at 153. Objections at 2-3 (emphasis in original). The United States asserts that the terms use and carry should be separated disjunctively with an "or" as opposed to listed conjunctively with an "and." Objections at 2-3. The United States contends that Defendant's Proposed Jury Instruction No. R is inaccurate and should instead reflect the Tenth Circuit's pattern instruction for illegal re-entry crimes, Tenth Circuit Pattern Jury Instructions Criminal No. 2.05, at 83. See Objections at 3-4. The United States requests that the general description of the crime provide: "This law makes it a crime for an alien to be found in the United States after having been deported from the United States." Objections at 3. The United States requests that the language for the second element provide: "Second: the defendant had previously been deported from the United States; and . . . ." Objections at 4 (emphasis in original). Goxcon-Chagal did not file a written response to the Objections.

Before the Court brought in the jury on the morning of August 8, 2012, the Court inquired why Goxcon-Chagal had submitted, in his Defendant's Proposed Jury Instruction No. O, language that appears in the 2005 version of the Tenth Circuit's pattern jury instructions but not in the 2011 version. See Transcript of Trial at 23:12-18 (taken August 8, 2012)(Court)("Tr.").[1] Goxcon-Chagal explained that it was a product of oversight that he submitted the 2005 version of the Tenth Circuit's pattern jury instructions rather than the 2011 version. See Tr. at 23:19-24:13 (Gandert). He stated that the Court should instead use the 2011 pattern jury instructions. See Tr. at 23:19-24:13 (Gandert). The Court also inquired whether, regarding the jury instruction for an offense under 18 U.S.C. § 924(c)(1)(A) for using or carrying a firearm during and in relation to a drug trafficking

---

[1]The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

crime, the United States needed both the word use and carry to appear in the jury instructions, or whether it needed only the term carry to appear in the jury instructions. See Tr. at 24:14-25 (Court). The Court also stated that, if the United States plans to proceed on both theories, that a unanimity of theory instruction may be necessary. See Tr. at 24:14-25 (Court). The United States related that it planned to present evidence on both theories. See Tr. at 25:1-4 (Stanford). The parties then stated that the unanimity instruction would be necessary if the United States proceeds on both theories. See Tr. at 25:7-18 (Court, Riggs, Stanford).

## LAW REGARDING JURY INSTRUCTIONS

With regard to jury instructions, the Tenth Circuit has held: "We do not require perfection, but we must be satisfied that, upon hearing the instructions, the jury understood the issues to be resolved and its duty to resolve them." Gonzales v. Duran, 590 F.3d 855, 859 (10th Cir. 2009). "An erroneous jury instruction requires reversal 'only if the error is determined to have been prejudicial, based on a review of the record as a whole.'" Sherouse v. Ratchner, 573 F.3d 1055, 1059-60 (10th Cir. 2009)(quoting Durflinger v. Artiles, 727 F.2d 888, 895 (10th Cir. 1984)). See Townsend v. Lumbermens Mut. Cas. Co., 294 F.3d 1232, 1242 (10th Cir. 2002)("A faulty jury instruction requires reversal when (1) we have substantial doubt whether the instructions, considered as a whole, properly guided the jury in its deliberations; and (2) when a deficient jury instruction is prejudicial." (citations omitted)(internal quotation marks omitted)). The inquiry is "not whether the instruction was completely faultless, but whether the jury was misled in any way." Coleman v. B-G Maint. Mgmt. of Colo., Inc., 108 F.3d 1199, 1202 (10th Cir. 1997).

In cases where the district court has given a legally erroneous jury instruction, and where the jury might have based its verdict thereon, prejudice exists, and reversal is required. See Adams-Arapahoe Joint Sch. Dist. No. 28-J v. Cont'l Ins. Co., 891 F.2d 772, 779-80 (10th Cir. 1989)(finding

prejudice that required reversal where (a) a jury instruction incorrectly placed the burden of proof on the defendant rather than on the plaintiff and (b) the jury might have based its verdict thereon); Guidance Endodontics, LLC v. Dentsply Int'l, Inc., No. 08-1101, 2011 WL 1330781, at *10-11 (D.N.M. Mar. 30, 2011)(Browning, J.).  Since Adams-Arapahoe Joint School District No. 28-J v. Continental Insurance Co., the Tenth Circuit has repeatedly restated this formulation.  See, e.g., Level 3 Commc'ns, LLC v. Liebert Corp., 535 F.3d 1146, 1159 (10th Cir. 2008)("Where an appellate court determines that the district court has given a legally erroneous jury instruction, the judgment must be reversed if the jury might have based its verdict on the erroneously given instruction." (emphasis added)(internal quotation marks omitted)); Wankier v. Crown Equip. Corp., 353 F.3d 862, 867 (10th Cir. 2003)("Where an appellate court determines that the district court has given a legally erroneous jury instruction, the judgment must be reversed 'if the jury might have based its verdict on the erroneously given instruction.'"); Townsend v. Lumbermens Mut. Cas. Co., 294 F.3d at 1242 ("Thus, where a jury instruction is legally erroneous, we reverse if the jury might have based its verdict on the erroneously given instruction."); Coleman v. B-G Maint. Mgmt. of Colo., Inc., 108 F.3d at 1202 ("Thus, '[w]here a jury instruction is legally erroneous, we must reverse if the jury might have based its verdict on the erroneously given instruction.'" (alteration in original)); City of Wichita v. U.S. Gypsum Co., 72 F.3d 1491, 1495 (10th Cir. 1996)("Where a jury instruction is legally erroneous, we must reverse if the jury might have based its verdict on the erroneously given instruction."); SEC v. Peters, 978 F.2d 1162, 1167 (10th Cir. 1992)("Where a jury instruction is legally erroneous, we must reverse if the jury might have based its verdict on the erroneously given instruction.").

      Most recently, the Tenth Circuit explained further that "[t]he might have threshold, as its language suggests, requires reversal even if that possibility is very unlikely.  Only when the

erroneous instruction could not have changed the result of the case can we say the error is harmless and does not require reversal." Level 3 Commc'ns, LLC v. Liebert Corp., 535 F.3d at 1158 (emphasis in original)(citations omitted)(internal quotation marks omitted). In Wankier v. Crown Equipment Corp., for example, the district court declined to instruct the jury that the plaintiff in a products liability action bore the burden of showing that an alternative, safer design was available. See 353 F.3d at 868. The Tenth Circuit found that "there is no doubt that the erroneous instruction regarding Plaintiff's burden to show a safer alternative design may have misled the jury." 353 F.3d at 868. Accordingly, the Tenth Circuit vacated the judgment entered on the jury verdict in Wankier v. Crown Equipment Corp. See 353 F.3d at 868.

Level 3 Communications, LLC v. Liebert Corp. involved a contract dispute where the district court instructed the jury that the contract at issue was not ambiguous as a matter of law. See 535 F.3d at 1153. After reaching the opposite conclusion -- that the contract was ambiguous as a matter of law -- on appeal, the Tenth Circuit recognized that the district court had given a legally erroneous instruction and held: "To conclude the error is not harmless, we must determine the error might have affected the jury's verdict." 535 F.3d at 1158-59. The Tenth Circuit held that, with its erroneous instruction, "the district court virtually assured that the jury would find for Level 3 on the breach of contract claim." 535 F.3d at 1159. The Tenth Circuit therefore reversed and remanded the case for a new trial. See 535 F.3d at 1161.

In contrast to both Wankier v. Crown Equipment Corp. and Level 3 Communications, LLC v. Liebert Corp., the Tenth Circuit found reversal was not required despite erroneous instructions in at least two recent cases. In Sherouse v. Ratchner, 573 F.3d 1055 (10th Cir. 2009), a case involving claims that police officers violated the civil rights of two young women suspected of robbery, the district court instructed the jury that "[a] police officer's probable cause determination

-8-

is not negated if the officer reasonably but mistakenly believed that probable cause existed at the time of arrest." 573 F.3d at 1059.  The Tenth Circuit found this instruction to be legally incorrect, because, "[w]hile an officer's reasonable but mistaken understanding of the facts justifying a search or seizure does not negate the legitimacy of a probable cause determination, an officer's reasonable but mistaken understanding of the applicable law he is enforcing does." 573 F.3d at 1059.  Despite the erroneous instruction, the Tenth Circuit found no prejudice, because the only evidence as to any mistake in the case was the officer's misidentification of the plaintiffs -- a mistake of fact -- and "the plaintiffs [did] not identif[y] any misinterpretation of law that could have been pertinent to the officers' actions." 573 F.3d at 1060.

The Tenth Circuit similarly declined to reverse the district court's judgment despite a legally erroneous jury instruction in <u>Gonzales v. Lopez</u>, 590 F.3d 855 (10th Cir. 2009).  In that case, the Tenth Circuit found the district court's instructions on qualified immunity were incorrect, but deemed the error harmless, because the special interrogatories to the jury revealed that the jury intended to find for the defendants on the merits of the case, without the need to consider the affirmative defense of qualified immunity.  <u>See</u> 590 F.3d at 862.

## ANALYSIS

The Court will overrule as moot the objection regarding the additional language in the jury instruction for an offense under 21 U.S.C. § 846 that varies from the Tenth Circuit's pattern jury instruction in light of the agreement the parties reached on August 8, 2012.  The Court will sustain the remaining objections.  The jury instruction reciting the elements for an offense under 21 U.S.C. § 841(a)(1) should reflect the amount of drugs charged in the Superseding Indictment, specifically fifty grams and more of methamphetamine rather than 500 grams.  The jury instruction reciting the elements for an offense under 18 U.S.C. § 924(c)(1)(A) should track the applicable disjunctive

statutory language, even if the Superseding Indictment charges the offense in the conjunctive. Given that the United States desires to proceed only on one of the disjunctive terms in the third element of the pattern jury instruction for an illegal re-entry offense under 8 U.S.C. § 1326(a) and (b), the Court will sustain the United States' objection to the inclusion of the other disjunctive terms.

I.  **THE COURT WILL SUSTAIN THE OBJECTION TO DEFENDANT'S PROPOSED JURY INSTRUCTION NO. N.**

The relevant portion of Defendant's Proposed Jury Instruction No. N, which recites the elements for an offense under 21 U.S.C. § 841(a)(1), is as follows: "<u>Fourth:</u> the amount of the controlled substance was at least 500 grams." Proposed Jury Instructions at 4 (emphasis in original). The United States argues that "[t]he amount of the controlled substance in controversy" as stated in Defendant's Proposed Jury Instruction No. N, is inaccurate in that the fourth "element indicates that the amount instructed should be 500 grams" when it should state that the amount is "50 grams" to be "in conformity with Count 2 of the Superseding Indictment." Objections at 1. Count 2 of the Superseding Indictment provides: "On or about June 28, 2011, in Bernalillo County, in the District of New Mexico, the defendants . . . unlawfully, knowingly and intentionally possessed with intent to distribute a controlled substance, 50 grams and more of methamphetamine. In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)." Superseding Indictment at 2.

The jury instructions should track the drug amount charged in the Superseding Indictment. While there is no absolute rule that jury instructions mirror an indictment, see <u>United States v. Gill</u>, 909 F.2d 274, 281 n.4 (7th Cir. 1990)("Neither does he contend jury instructions must always conform to the language of the indictment."), there is no reason to impose a higher burden on the United States than what it has charged in the Superseding Indictment. The Court sees no reasonable basis to require the United States to prove that the Defendants had 500 grams of methamphetamine

in their possession when the Superseding Indictment charges only that they had 50 grams of methamphetamine in their possession. Consequently, the Court will sustain the objection to Jury Instruction No. N.

## II.   THE COURT WILL OVERRULE AS MOOT THE OBJECTION TO DEFENDANT'S PROPOSED JURY INSTRUCTION NO. O.

The relevant portions of Defendant's Proposed Jury Instruction No. O, which recites the elements for an offense under 21 U.S.C. § 846, are as follows:

> In determining whether the defendant was a member of the conspiracy, the jury must consider only his acts and statements. The defendant cannot be bound by the acts or declarations of other participants until it is established that a conspiracy existed, and that [he] was one of its members.
>
> . . . .
>
> His financial stake, if any, in the venture is a factor that may be considered in determining whether a conspiracy existed and whether the defendant was a member of it.

Proposed Jury Instructions at 7-8 (alteration in original). The United States objects to the inclusion of the language in Defendant's Proposed Jury Instruction No. O regarding the consideration of co-defendants' statements and the necessity that a defendant have a financial stake in the conspiracy. See Objections at 1-2. The United States contends that this language misstates the applicable law and imposes additional elements on a conspiracy charge that the United States has no obligation to prove. See Objections at 2. Before the Court brought in the jury on the morning of August 8, 2012, the Court inquired why Goxcon-Chagal had submitted, in his Defendant's Proposed Jury Instruction No. O, language that appears in the 2005 version of the Tenth Circuit's pattern jury instructions but not in the 2011 version. See Tr. at 23:12-18 (Court).[2] Goxcon-Chagal explained that it was a

---

[2]The language to which the United States objects does not appear in the 2011 version of the Tenth Circuit's pattern jury instructions. See Tenth Circuit Pattern Jury Instructions Criminal

product of oversight that he submitted the 2005 version of the Tenth Circuit's pattern jury instructions rather than the 2011 version. See Tr. at 23:19-24:13 (Gandert). He stated that the Court should instead use the 2011 pattern jury instructions. See Tr. at 23:19-24:13 (Gandert).

Accordingly, Goxcon-Chagal has agreed that the Court should present the 2011 version of the Tenth Circuit's pattern jury for an offense under 21 U.S.C. § 846. Goxcon-Chagal's agreement to do so omits the language in Defendant's Proposed Jury Instruction No. O to which the United States has objected. Consequently, the United States' objection is now moot. As a result, the Court will overrule the objection to Defendant's Proposed Jury Instruction No. O as moot.

### III.    THE COURT WILL SUSTAIN THE OBJECTION TO DEFENDANT'S PROPOSED JURY INSTRUCTION NO. P.

The relevant portions of Defendant's Pattern Jury Instruction No. P, which recites the elements for a violation of 18 U.S.C. § 924(c)(1), are as follows:

> This law makes it a crime to use and carry a firearm during and in relation to any drug trafficking crime for which a person may be prosecuted in a court of the United States.
>
> . . . .

---

§ 2.87, at 301-02. In comparison, the requested language appears in the 2005 version of the Tenth Circuit's pattern jury instructions:

> In determining whether the defendant was a member of the conspiracy, the jury must consider only his acts and statements. The defendant cannot be bound by the acts or declarations of other participants until it is established that a conspiracy existed, and that [he] was one of its members.
>
> . . . .
>
> His financial stake, if any, in the venture is a factor that may be considered in determining whether a conspiracy existed and whether the defendant was a member of it.

Tenth Circuit Pattern Jury Instructions Criminal § 2.87, at 307-10 (2005 version).

>       In determining whether the defendant knowingly used carried [sic] a firearm during and in relation to the underlying crime, you may consider all of the facts received in evidence including the nature of the crime, the usefulness of a firearm to the crime, the extent to which a firearm actually was observed before, during and after the time of the crime, and any other facts that bear on the issue.

Proposed Jury Instructions at 9-10.  The United States argues that the use of the phrase "to <u>use and carry</u> a firearm during and in relation to a drug trafficking crime" in various portions of Defendant's Pattern Jury Instruction No. P misstates the applicable law and is inconsistent with the applicable pattern jury instruction on the matter, Tenth Circuit Pattern Jury Instructions Criminal No. 2.45. Objections at 2-3 (emphasis in original).  The United States asserts that the terms use and carry should be separated disjunctively with an "or" as opposed to listed conjunctively with an "and."  <u>See</u> Objections at 2-3.  Count 3 uses the phrase that the Defendants "knowingly used and carried a firearm . . . during and in relation to a drug trafficking crime."  Superseding Indictment at 2.  The Superseding Indictment charges an offense under 18 U.S.C. § 924(c)(1)(A).  <u>See</u> Superseding Indictment at 2.  18 U.S.C. § 924(c)(1)(A) provides:

>       Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, <u>uses or carries a firearm</u>, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime --
>
>       (i)    be sentenced to a term of imprisonment of not less than 5 years;
>
>       (ii)   if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
>
>       (iii)  if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

18 U.S.C. § 924(c)(1)(A) (emphasis added).

The Tenth Circuit has held that "[i]t is permissible for an indictment to use the word 'and' although the statute employs the word 'or.'" United States v. Powell, 226 F .3d 1181, 1192 n.4 (10th Cir. 2000)(citing United States v. Daily, 921 F.2d 994, 1001 (10th Cir. 1991)). The Tenth Circuit has described it as "hornbook law that a crime denounced in the statute disjunctively may be alleged in an indictment in the conjunctive, and thereafter proven in the disjunctive." United States v. Powell, 226 F.3d 1181, 1192 (10th Cir. 2000)(quoting United States v. Gunter, 546 F.2d 861, 868-69 (10th Cir. 1976)). Accord United States v. Lott, 310 F.3d 1231, 1246 (10th Cir. 2002)(reviewing the sufficiency of evidence to see if either alternate theory would have supported a conviction in a case in which the indictment was worded in the conjunctive and the charging statute was worded in the disjunctive); United States v. Perea, No. 09-1034, 2010 WL 2292937, at *8 (D.N.M. May 21, 2010)(Browning, J.); United States v. Vigil, 478 F.Supp.2d 1285 (D.N.M. 2007)(Browning, J.). Other Circuit Courts of Appeals that have considered this issue are in accord. See United States v. Coriaty, 300 F.3d 244, 250 (2d Cir. 2002)("The general rule is that when a jury returns a guilty verdict on an indictment charging several acts in the conjunctive, . . . the verdict stands if the evidence is sufficient with respect to any one of the acts charged." (quoting Turner v. United States, 396 U.S. 398, 420 (1970))); United States v. Arlt, 15 F.App'x 431, 436 (9th Cir. 2001)(unpublished)(indicating that the district court's jury instructions "properly tracked the language of the statute" and holding "[a] jury may convict on a finding of any of the elements of a disjunctively defined offense, despite the grand jury's choice of conjunctive language in the indictment"); United States v. Poarch, 878 F.2d 1355, 1358 (11th Cir. 1989)(stating that, when a criminal statute provided for alternate means of violation, and the grand jury returned an indictment with conjunctive language, "the government obtained a more difficult indictment than it was required to by the statute," and "the government need only show that one of those acts was

committed in order to prove guilt").

The Court has addressed this scenario in the past, where the United States charged a crime conjunctively but wants the jury instruction to be in the disjunctive:

> There are sound reasons for the United States to use the conjunctive form rather than the disjunctive when it drafts an indictment for the grand jury. If the indictment used the disjunctive, the Court and the parties would not have confidence that the grand jury had, based on the disjunctive "or," found probable cause to support a charge on each of the disjunctive terms. The conjunctive form eliminates this potential problem. Indeed, submitting a indictment with disjunctive language to the grand jury creates a risk that no member of the grand jury voted for the indictment to issue on one of the two disjunctive theories in a particular count. As the Court explained in a prior case:
>
>> There is also no argument that the grand jury did not consider the proper elements. By charging in the conjunctive, the grand jury found that there is probable cause that Patterson satisfied more elements that the United States intends to prove. Patterson cannot therefore contend that the grand jury did not consider the element that the United States intends to prove.
>
> United States v. Patterson, 760 F.Supp.2d 1116, 1127 n.6 (D.N.M. 2009)[(Browning, J.)].
>
> Accordingly, based on these authorities, the United States has properly omitted the language "and permitted" from its proposed instruction, even though that language appears in the Superseding Indictment.

United States v. Ganadonegro, 2012 WL 844125, at *7. There is nothing legally improper about the United States charging a crime conjunctively and then requesting the submission of a disjunctive instruction, or omitting one of the disjunctive terms entirely in the jury instructions if the evidence does not raise that issue. The United States has requested a disjunctive instruction, and the statutory language is in the disjunctive. See 18 U.S.C. § 924(c)(1)(A) (stating in the disjunctive "uses or carries a firearm"); Tenth Circuit Pattern Jury Instructions Criminal § 2.45, at 153 (stating as an element for a crime under 18 U.S.C. § 924(c)(1) that "the defendant used or carried a firearm"). Accordingly, the Court will sustain the United States' objections to Defendant's Proposed Jury

Instruction No. P.[3]

## IV. THE COURT WILL SUSTAIN THE OBJECTION TO DEFENDANT'S PROPOSED JURY INSTRUCTION NO. R.

The relevant portion of Defendant's Proposed Jury Instruction No. R, which recites the elements for a violation of 8 U.S.C. § 1326, is as follows: "This law makes it a crime for an alien to be found in the United States after having been [deported] [excluded] [removed] from the United States. . . . Second: the defendant had previously been [excluded] [deported] [removed] from the United States; and . . . ." Proposed Jury Instructions at 11 (alternatives in original)(emphasis in original). The United States contends that Defendant's Proposed Jury Instruction No. R is inaccurate and should instead reflect the Tenth Circuit's pattern instruction for illegal re-entry crimes, Tenth Circuit Pattern Jury Instructions Criminal No. 2.05. See Objections at 3-4. The

---

[3]The Court also inquired whether, regarding the jury instruction for an offense under 18 U.S.C. § 924(c)(1)(A) for using or carrying a firearm during and in relation to a drug trafficking crime, the United States needed both the word use and carry to appear in the jury instructions, or whether it needed only the term carry to appear in the jury instructions. See Tr. at 24:14-25 (Court). The Court also stated that, if the United States plans to proceed on both theories, that a unanimity of theory instruction may be necessary. See Tr. at 24:14-25 (Court). The United States related that it planned to present evidence on both theories. See Tr. at 25:1-4 (Stanford). The parties then stated that the unanimity instruction would be necessary if the United States proceeds on both theories. See Tr. at 25:7-18 (Court, Riggs, Stanford). The Tenth Circuit's pattern jury instruction for unanimity of theory is as follows:

> Your verdict must be unanimous. Count _____ of the indictment accuses the defendant of committing the following acts: [description of individual acts].
>
> The government does not have to prove all of these different acts for you to return a guilty verdict on count _____.
>
> But in order to return a guilty verdict, all twelve of you must agree upon which of the listed acts, if any, the defendant committed and that he committed at least [number of acts identified above] of the acts listed.

Tenth Circuit Pattern Jury Instructions Criminal § 1.24, at 39 (alternatives in original).

United States requests that the general description of the crime provide: "This law makes it a crime for an alien to be found in the United States after having been deported from the United States." Objections at 3. The United States requests that the language for the second element provide: "<u>Second:</u> the defendant had previously been deported from the United States; and . . . ." Objections at 4 (emphasis in original).

The general description in the Tenth Circuit pattern jury instruction of an offense under 8 U.S.C. § 1326(a) is as follows: "This law makes it a crime for an alien [to enter] [to attempt to enter] [to be found in] the United States after having been [deported] [excluded] [removed] from the United States." Tenth Circuit Pattern Jury Instructions Criminal § 2.05, at 83 (alternatives in original). The second element in the pattern jury instruction provides: "<u>Second:</u> the defendant had previously been [denied admission] [excluded] [deported] [removed] from the United States; and . . . ." Tenth Circuit Pattern Jury Instructions Criminal § 2.05, at 83 (alternatives in original)(emphasis in original). Ultimately, if the United States desires to proceed only on some of several possible theories under this jury instruction and requests omission of the other theories, it may so limit its theory. Nothing restricts the United States from limiting its potential theories if it chooses to do so. Thus, the Court will sustain the objection given that the United States appears to desire a more limited instruction than what the pattern instruction permits.

Tenth Circuit has identified some problems with the pattern jury instruction for illegal re-entry crimes, specifically as it relates to how to instruct the jury on the required mental state for when a defendant is found in the United States:

> As our discussion makes clear, we have long held that to secure a conviction under Section 1326's "found in" provision, the Government must prove the defendant acted only with the "'intent to do the act of entering the country.'" Neither the Government nor Defendant have provided any persuasive reason to reconsider that longstanding conclusion. In fact, the Government acknowledges it bore the

> burden of proving Defendant had "'the intent to do the act of entering the country[,]'" which it claims it did so prove. Nonetheless, it seems to believe the district court need not have instructed the jury as to that intent element.
>
> . . . .
>
> But, our precedent dictates it did err in refusing to instruct the jury that the Government must prove Defendant acted with the limited "intent to do the act of entering the country." We, however, whole-heartedly agree with our <u>Hernandez-Hernandez</u> and district court colleagues that "knowingly found" is a confusing way to phrase "the intent to do the act of entering the country." The 2005 Tenth Circuit Pattern Jury Instruction 1.37 defines "knowingly" to "mean[] that the act was done voluntarily and intentionally, and not because of mistake or accident." "Knowingly entered" properly conveys that the Government may secure a conviction under Section 1326 by proving the defendant had the intent to do the act of entering the country because "knowingly" describes the person doing the entering. The phrase, therefore, comports with our statement in <u>Miranda-Enriquez</u> that to prove the defendant intended to reenter the United States, the Government must show "that the defendant willfully and knowingly reentered the United States . . . ." By that same token, however, "knowingly found" arguably speaks to the intent of the person doing the finding of the defendant, saying nothing about the intent of the person found -- the defendant. Of course, we are presently concerned with the state of mind of the person found, not the finder.
>
> As the district court noted, "knowingly found" could also be read to mean the person found must know that he was found or discovered by authorities, which we have never held Section 1326's "found in" provision to require. Our precedent, instead, establishes that the Government must prove Defendant acted only with the limited intent to reenter the United States to secure a conviction for being found in the United States in violation of Section 1326. So, deleting "knowingly" altogether from the third element without replacing it with some other intent element does not satisfactorily resolve the issue presented. The district court should have made clear to the jury that the Government must prove beyond a reasonable doubt that Defendant reentered the United States with the intent to do so in order to find him guilty of Section 1326's "found in" offense. This the court failed to do.

<u>United States v. Sierra-Ledesma</u>, 645 F.3d 1213, 1221-23 (10th Cir. 2011). The Court has

recognized this problem in the past and has previously made modifications to the pattern instruction:

> The Court has modified the uniform jury instructions of the United States Court of Appeals for the Tenth Circuit by adding the word "intentionally." And because it does not make sense to talk about the defendant being intentionally "found," the Court has made "entered" and "was found" conjunctive rather than disjunctive. The Court believes that these changes are needed to comply with the

Tenth Circuit's recent opinion in United States v. Sierra-Ledesma. United States v. Gutierrez-Castro, No. 10-2072, 2011 WL 3503321, at *1 n.1 (D.N.M. Aug. 6, 2011)(Browning, J.). In United States v. Gutierrez-Castro, the Court listed the following elements for the offense:

> (i) the defendant was an alien at the time he or she was found in the United States as alleged in the indictment; (ii) the defendant had been deported or removed previously from the United States; (iii) thereafter the defendant intentionally entered, and was found in the United States; and (iv) the defendant had not received the consent of the appropriate authority, i.e., the Attorney General or Secretary of Homeland Security, to apply for readmission to the United States since the time of his or her previous deportation.

United States v. Gutierrez-Castro, 2011 WL 3503321, at *1 (footnotes omitted). In light of these defects in the pattern instruction, the Court will make the necessary changes to the final jury instructions it submits to the jury.

**IT IS ORDERED** that the Government's Objections to Defendants' Requested Supplemental Jury Instructions (Doc. 79), filed August 3, 2012 (Doc. 93), are overruled in part and sustained in part. The Court will overrule as moot the objection regarding the additional language in the instruction for an offense under 21 U.S.C. § 846 that varies from the United States Court of Appeals for the Tenth Circuit's pattern jury instruction in light of the agreement the parties reached on August 8, 2012. The Court will sustain the remaining objections.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Kenneth J. Gonzales
  United States Attorney
Jon K. Stanford
Raul Torrez
  Assistant United States Attorneys
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Joseph W. Gandert
  Assistant Federal Public Defender
Federal Public Defender's Office
Albuquerque, New Mexico

    *Attorneys for Defendant Rafael Goxcon-Chagal*

Joseph Riggs
Albuquerque, New Mexico

    *Attorney for Defendant Maria Vianey Medina-Copete*